IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RICK PARKER                                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:14-CV-231-SA-DAS

MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY, et al.                                                                      DEFENDANTS

<u>MEMORANDUM OPINION</u>

Presently before the Court is Defendants' uncontested Motion to Dismiss [11] Plaintiff's claims against Mississippi Department of Public Safety and Donnell Berry, in his official and individual capacities. Upon due consideration of the complaint, motion, responses, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

In June of 2013, Plaintiff Rick Parker was stopped at a roadblock in Itawamba County, Mississippi by Mississippi Highway Patrol ("MHP") Troopers Justin Rollins and Josh Boyd. Upon command, Plaintiff exited the vehicle and was allegedly forced to the ground without justification or provocation. Troopers Boyd and Rollins allegedly used excessive force, causing injury to Plaintiff's person. Plaintiff was subsequently charged with driving under the influence, littering, resisting arrest, and failing to provide proof of insurance. Thereafter, the proof of insurance claim was dismissed, and Plaintiff was found not guilty of all other charges.

The claims asserted against Defendants MDPS and Colonel Berry, Director of the MHP, are pursuant to 42 U.S.C. Section 1983. Plaintiff also asserts causes of action for assault, battery, false arrest, and false imprisonment against all Defendants. Plaintiff seeks to hold Colonel Berry vicariously liable for the alleged actions of Troopers Rollins and Boyd. Plaintiff also alleges that

1

Colonel Berry failed to adequately supervise and/or train Rollins and Boyd regarding proper policies as to investigations and use of force.

MDPS and Colonel Berry present this motion to pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss for a failure to state a claim upon which relief can be granted. Plaintiff's counsel has written the Court, stating that Plaintiff has no opposition to the dismissal of MDPS and Colonel Berry in all capacities.

*Standard*

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim has "facial plausibility" when the factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*, 129 S. Ct. 1937. Legal conclusions are defined as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 557, 127 S. Ct. 1955. However, a court must accept all well-pleaded allegations as true and construe those allegations in the light most favorable to the non-moving party. *Rozenwig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003).

*Plaintiff's § 1983 Claims Against MDPS*

The Eleventh Amendment provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United

> States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. Though the text of the Eleventh Amendment only refers to suits against a state by citizens of another state, the Supreme Court has made it clear that a State's immunity encompasses suits commenced by its own citizens. *Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001).

It is well established that MDPS is an arm of the state entitled to Eleventh Amendment immunity. *Brown v. Simpson*, No. 4:08CV117-P-S, 2009 WL 2449898, at * 1 n. 1 (N.D. Miss. Aug. 7, 2009) (finding that "there is no question that the [MDPS] is an arm of the State"). Furthermore, since the MHP is a division of MDPS, it is also an arm of the state. *King v. Miss. Highway Patrol*, 827 F. Supp. 402, 403-34 (S.D. Miss. 1993) (finding that the MHP was an arm of the state and thus entitled to Eleventh Amendment immunity). Therefore, the claims against MDPS are barred by the Eleventh Amendment.

*Plaintiff's § 1983 Claims Against Colonel Berry in His Official Capacity*

As recognized by the Fifth Circuit, the Eleventh Amendment bars any claim for damages against a state official in his official capacity. *Chaney v. Louisiana Work Force Comm'n*, 560 F. App'x 417, 418 (5th Cir. 2014) ("[A] suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment."). However, the *Ex parte Young* doctrine is a narrow exception that allows for prospective relief against state officials that have been sued in their official capacities. *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008). Plaintiff is not seeking prospective, declaratory, or injunctive relief; he is requesting monetary relief against all Defendants, including MDPS and Colonel Berry in his official capacity. Therefore, Plaintiff's claims against

Berry in his official capacity do not fit within the *Ex parte Young* doctrine and are not facially plausible.

*Plaintiff's § 1983 Claims Against Colonel Berry in His Individual Capacity*

The Fifth Circuit has held that theories of vicarious liability or *respondeat superior* cannot be used to hold state employees liable under Section 1983. *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999) (holding that only the direct acts or omissions of government officials, not subordinates, can give rise to § 1983 liability). However, Colonel Berry can be held liable in his individual capacity is he failed to train or supervise the officers involved in the incident. *Lenz v. Tate County*, No. 1:10CV179-SA, 2012 WL 28238, at *5 (N.D. Miss. Jan. 5, 2012). In order to state a claim for failure to supervise, the plaintiff must allege that "(1) the [official] failed to train or supervise the officers involved; (2) there is a casual connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Id.* (quoting *Thompson v. Upshur County, Tex*, 245 F.3d 447, 459 (5th Cir. 2001).

Additionally, Colonel Berry can be held liable as a supervisor who is a policymaker that failed to promulgate adequate policies. *See Walker v. Upshaw*, 515 F. App'x 334, 339 (5th Cir. 2013) (requiring the plaintiff to allege that "(1) the policy itself violated federal law or authorized or directed the deprivation of federal rights or (2) that the policy was adopted or maintained by the [agency]'s policymakers with deliberate indifference as to its known or obvious consequences.")

Plaintiff's claims for plausible relief against Colonel Berry consist of nothing more than mere conclusory allegations that the training of Troopers Boyd and Rollins was not "adequate"

4

as it related to proper methods of investigation and use of force. Plaintiff makes further allegations that MDPS policies were "vague, ambiguous, and/or non-existent" and were the "moving force behind" the alleged violation of constitutional rights. These allegations fail to constitute anything more than legal conclusory statements, which are not entitled to be regarded as true. *See Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. Plaintiff does not plead any facts that identify the deficient policies or how the training provided by MHP was inadequate as to investigations and use of force. Further, as noted above, the Plaintiff has conceded that the claims against Berry in his individual capacity cannot survive. Thus, this Court finds that Plaintiff has failed to plead that which is necessary to state a claim upon which relief can be granted.

*Conclusion*

For the reasons stated above, the Defendants' uncontested Motion to Dismiss [11] against MDPS and Colonel Berry, in his official and individual capacity, is GRANTED.

SO ORDERED on this, the 23rd day of July, 2015.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**