IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RICK PARKER                                                      PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:14-cv-00231-GHD-DAS

JUSTIN ROLLINS                                       DEFENDANT

**<u>MEMORANDUM OPINION DENYING DEFENDANT JUSTIN ROLLINS'
MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, FOR A
NEW TRIAL</u>**

Presently before the Court is a motion for judgment as a matter of law or, alternatively, for a new trial [70] filed by Defendant Justin Rollins ("Defendant Rollins"). Plaintiff Rick Parker ("Plaintiff") has filed a response, and Defendant Rollins has filed a reply. The matter is now ripe for review. The Court has carefully considered Defendant Rollins' arguments concerning his motion for judgment as a matter of law or, alternatively, request for a new trial, as well as attached documentation, the trial transcript, the trial exhibits, and all authorities bearing on the matter. The Court is of the opinion that none of Defendant Rollins' arguments have merit and that the jury verdict should stand, for the reasons stated below.

### *I.     Federal Rule of Civil Procedure 59 Standard*

Rule 50(b) of the Federal Rules of Civil Procedure provides in pertinent part: "[N]o later than 28 days after the jury was discharged[,] the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." FED. R. CIV. P. 50(b). Rule 59 of the Federal Rules of Civil Procedure provides in pertinent part that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party— . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." FED. R. CIV. P. 59(a)(1)(A). Such a motion "must be filed

1

no later than 28 days after the entry of judgment." FED. R. CIV. P. 59(b). Because the instant motion for a new trial was filed within 28 days of the entry of judgment, it shall be construed as a Rule 59 motion. *See, e.g., Komolafe v. Dewease*, 87 F. App'x 385, 2004 WL 304198, at *1 (5th Cir. 2004) (per curiam) (citing *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 n.3 (5th Cir. 1991) (post-judgment motion for new trial and/or for relief from judgment was properly considered under Rule 59 because it was filed within the requisite Rule 59 time period)).

"A district court has discretion to grant a new trial under Rule 59(a) of the Federal Rules of Civil Procedure when it is necessary to do so 'to prevent an injustice.' " *Jones v. Ruiz*, 478 F. App'x 834, 835 (5th Cir. 2012) (per curiam) (quoting *United States v. Flores*, 981 F.2d 231, 237 (5th Cir. 1993)). Although Rule 59(a) does not state appropriate grounds for a new trial, "[a] new trial may be appropriate if the verdict is against the weight of the evidence, the amount awarded is excessive, or the trial was unfair or marred by prejudicial error." *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989) (internal citation omitted). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999).

## *II.    Analysis and Discussion*

On December 23, 2014, Plaintiff brought this civil rights action against Defendants Mississippi Department of Public Safety; Donnell Berry, Chief of the Mississippi Highway Patrol; Rollins, Mississippi State Trooper; and Josh Boyd, Mississippi State Trooper. Plaintiff asserted claims for excessive force and unlawful seizure under 42 U.S.C. § 1983, gross negligence and reckless disregard under the Mississippi Tort Claims Act, as well as common law assault and battery and false arrest. Pretrial Order [56] ¶ 4.

On July 23, 2015, upon Defendants' Mississippi Department of Public Safety's and Donnell Berry's unopposed motion to dismiss, the Court dismissed Defendants Mississippi Department of Public Safety and Donnell Berry as parties due to Eleventh Amendment immunity and failure to state a 42 U.S.C. § 1983 claim against Defendant Donnell Berry in his individual capacity. The parties did not otherwise file any dispositive motions in the case. Subsequently, the Court entered the parties' Pretrial Order [56].

The following facts were established by the Pretrial Order: Plaintiff was arrested by State Trooper Rollins on June 28, 2013 and was subsequently charged with DUI refusal, resisting arrest, littering, and no insurance. Pretrial Order [56] ¶ 9(a)(1)–(2). Trooper Rollins and Trooper Josh Boyd were acting within the course and scope of their employment with the Mississippi Highway Patrol during their encounter with Plaintiff on June 28, 2013. *Id.* ¶ 9(a)(3).

The case proceeded to trial on March 27, 2017. The parties agreed to dismiss the state law claims; thus, the case proceeded to trial on the Section 1983 excessive force and unlawful seizure claims only. On March 28, 2017, the Court granted Defendant Josh Boyd's motion for judgment as a matter of law and entered judgment in his favor. *See* Ct.'s Final J. & Order Granting Mot. J. Matter of Law [58] at 1. However, the Court denied Defendant Rollins' motion for judgment as a matter of law. Later that same day, the jury returned a verdict finding that Defendant Rollins used excessive force and unlawfully seized Plaintiff; the jury awarded Plaintiff damages against Defendant Rollins in the amount of $200,000.00.

On April 25, 2017, Defendant Rollins filed the present motion for judgment as a matter of law or, alternatively, for a new trial [70]. Defendant Rollins asserts essentially two grounds for relief: (1) "[t]here is no legally sufficient basis for a reasonable jury to find for Plaintiff . . . on his claims that Defendant Rollins used excessive force or that Defendant Rollins unlawfully

arrested him"; and (2) "[t]here was evident confusion on the part of the jury as shown by the transcript excerpt . . . ." *See* Def. Rollins' Mot. J. Matter of Law, or, Alternatively for New Trial [70] ¶¶ 2–3. The Court examines each argument in turn.

### (1) Sufficiency of Evidence

First, Defendant Rollins argues the verdict and judgment should be set aside and judgment entered for Defendant Rollins due to insufficient evidence of excessive force and unreasonable seizure or that Defendant Rollins' conduct was objectively unreasonable.

Plaintiff argues in response that the jury verdict was supported by substantial evidence including the testimony of the parties in the case *sub judice*. The Court finds Plaintiff's arguments in this respect to be well taken. Evidence in the record supports the jury's finding of excessive force and unreasonable seizure.

"To establish a violation of the Fourth Amendment prohibition on excessive force, the plaintiff must [show]: '(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force [ ] was objectively unreasonable.' " *See Mathews v. Davidson*, 674 F. App'x 394, 395 (5th Cir. 2017), *as revised* (Jan. 9, 2017) (per curiam) (quoting *Bush v. Strain*, 513 F.3d 492, 500–01 (5th Cir. 2008)). Defendant Rollins does not make a specific argument that there was insufficient evidence to find Defendant Rollins liable on the excessive force claim. In any event, Plaintiff presented evidence at trial that Defendant Rollins stopped Plaintiff at a driver's license checkpoint on Highway 25 in Itawamba County, asked him to step outside of his vehicle, and initiated a struggle. Plaintiff testified at trial that Defendant Rollins repeatedly squeezed the keys in Plaintiff's pocket, put him in a head lock, took him to the ground, put all of his weight on Plaintiff, forced his body to the ground on gravel, and pushed his wrists toward his shoulder blades, injuring his shoulder. *See* Trial Tr.

4

Excerpt [67] at 15–20. In addition, Plaintiff and Defendant Rollins introduced photographs of Plaintiff's injuries following the incidents in question. *See* P-1–P-5; D-4. Plaintiff also introduced into evidence his medical bills. *See* P-10. Therefore, there was a legally sufficient evidentiary basis for a reasonable jury to find that Defendant Rollins used excessive force on Plaintiff.

The following are the elements of an unlawful seizure claim under the Fourth Amendment: "(a) a meaningful interference with her possessory interests in her property, which is (b) unreasonable because the interference is unjustified by state law or, if justified, then uncompensated." *Severance v. Patterson*, 566 F.3d 490, 502 (5th Cir. 2009). Defendant Rollins argues that probable cause justified his arrest of Plaintiff. In support of this, Defendant Rollins argues that it is undisputed that Plaintiff "threw his lit cigarette on the ground during his encounter with Defendant Rollins," which is a misdemeanor under Mississippi Code § 97-15-29(1) and that Plaintiff was properly arrested pursuant to Mississippi Code § 45-3-21(f). However, evidence at trial supports the jury verdict on unreasonable seizure. Defendant Rollins' testimony at trial indicated that he did not arrest Plaintiff for littering, but for driving under the influence. In addition, Plaintiff testified at trial that he picked up the cigarette and placed it back in his truck at Defendant Rollins' request, and evidence demonstrated that the citation for litter was dismissed after a trial on the merits in Justice Court. *See* Trial Tr. Excerpt [67] at 14. The jury further heard testimony from Plaintiff, Justin Parker, Kayla Parker, Constable Doug Leslie and Defendant Josh Boyd that Plaintiff was not impaired or intoxicated on the night in question. Therefore, there was a legally sufficient evidentiary basis for a reasonable jury to find that Defendant Rollins unreasonably seized Plaintiff.

**(2) Jury Note**

Second, Defendant Rollins argues that the jury was confused on what constituted a lawful arrest, that the jury note reveals this confusion, and that Defendant Rollins had probable cause to arrest Plaintiff for littering. Defendant Rollins requests that the Court grant a new trial on this basis.

Plaintiff argues in response that the jury note did not show confusion and further argues that the parties and the Court agreed on all jury instructions, the form of the verdict, and the Court's written response to the jury note. The Court finds that Plaintiff's arguments are well taken.

During jury deliberations, the jury had a note delivered to the Court. The Court read into the record the note from the jury which stated as follows:

> In regards to suspicion of alcohol use and refusal to take a portable breathalyzer, what constitutes a lawful arrest?
>
> Is refusing a portable breathalyzer cause for arrest? Is going to the station to take the breath test considered to be an arrest?

Trial Tr. Excerpt [70-1] at 2; Jury Note [62] at 1. The transcript indicates the Court stated to counsel for Plaintiff and Defendant Rollins: "We can bring [the jury] back in the courtroom, just read the whole jury charge to them, but that . . . doesn't speak to these specific questions. I don't think we've got anything like that in the jury charge." Trial Tr. Excerpt [70-1] at 2. Counsel for Defendant Rollins responded to the Court: "I don't think we do either. . . . I think just a note back to them saying that you have been instructed as to the law in this case – as to the law to apply in this case." *Id.* at 2–3. The Court then read on the record its written response to the jury note: "I cannot reply to your specific questions. Please rely on your recollection of the evidence

and the Court's instruction to you on the law." Jury Note [62] at 1; Trial Tr. Excerpt [70-1] at 3. Defendant Rollins' counsel responded: "Yeah." Trial Tr. Excerpt [70-1] at 3. Defendant Rollins' counsel did not object to the Court's response to the jury note. The Court finds that Defendant Rollins has waived any chance to object to jury confusion since this issue was not raised at trial.[1]

### *III. Conclusion*

For all of the foregoing reasons, the Court finds that the jury verdict against Defendant Justin Rollins should stand. "[M]ere dissatisfaction with the jury's weighing of evidence or determination of witness credibility is not a valid ground on which to grant judgment as a matter of law [or] a new trial . . . ." *Bovie-Clark v. Sentry Select Ins. Co.*, 568 F. App'x 312, 313 (5th Cir. 2014) (per curiam). Therefore, Defendant Justin Rollins' motion for judgment as a matter of law or, alternatively, for a new trial [70] is DENIED.

An order in accordance with this opinion shall issue this day.

THIS, the 15th of August, 2017.

SENIOR U.S. DISTRICT JUDGE

---

[1] The Court finds it necessary to note that Defendant Rollins did not at any point in this proceeding ever raise the issue of Eleventh Amendment immunity with respect to the official-capacity claims against him.

7